UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDY CASMIER                                          CIVIL ACTION

VERSUS                                                 NO. 16-13621

THE CINCINNATI INSURANCE CO., ET AL                    SECTION: A (4)

## ORDER

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 12)** filed by Plaintiff Sandy Casmier. Defendants Neal Bowles ("Bowles"), Cumberland Products, Inc. (Cumberland), and the Cincinnati Insurance Company ("Cincinnati") oppose the Motion. (Rec. Doc. 15). The Motion, set for submission on May 3, 2017, is before the Court on the briefs without oral argument.[1]

### I. Background

This matter arsis out of an automobile collision involving Plaintiff, Defendant Bowles, and Bob Pellegrin, who is not a party in this lawsuit. On August 6, 2015, a collision occurred between a vehicle operated by Plaintiff and a truck operated by Bob Pellegrin. (Rec. Doc. 15). Plaintiff claims that Bowles failed to yield the right of way and came into Plaintiff's lane, "requiring her to take evasive actions to avoid a crash resulting in a collision with" Pellegrin's vehicle. (Rec. Doc. 1-2). At the time of the collision, Bowles was allegedly acting in the course and scope of his employment with Defendant Cumberland, who Plaintiff claims is vicariously liable for Bowles' negligence. (Rec. Doc. 1-2). Plaintiff filed her lawsuit against Defendants in the 24th Judicial District Court for the Parish of Jefferson, which Defendants removed to this Court based on diversity jurisdiction. (Rec. Doc. 1). Plaintiff then filed the instant Motion for Partial Summary Judgment. (Rec. Doc. 12).

---
[1] The Court notes that Plaintiff has requested oral argument. (Rec. Doc. 13).

1

## II. Analysis

Plaintiff filed her Motion for Partial Summary Judgment seeking a declaration from the Court that 1) Defendant Bowles is 100% liable and solely at fault for the damages arising out of the motor vehicle collision between Bowles, Plaintiff, and Bob Pellegrin, 2) that Defendant Cumberland is vicariously liable for the negligence of Bowles, and 3) that Defendant Cincinnati provided automobile liability coverage to Bowles and Cumberland. Defendants maintain that summary judgment is not appropriate because genuine issues of material fact remain.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). Additionally, if the moving party will bear the burden of persuasion at trial, then the moving party "must come

forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F.Supp. 948, 951 (D.Colo. 1991)).

  **a. Defendant Bowles' Fault**

Plaintiff seeks a declaration from the Court that Bowles was 100% liable and solely at fault for any damages Plaintiff sustained as a result of the collision that occurred on August 6, 2015. Defendants oppose Plaintiff's Motion asserting that Bowles is not 100% at fault because Pellegrin and Plaintiff are at fault.

In support of her Motion, Plaintiff points out to the Court that "Bowles was cited for failure to yield under LSA-R.S. 32.123." (Rec. Doc. 12-1). She also points out to the Court that Bowles' insurer paid for the property damage sustained by Plaintiff and Pellegrin. (Rec. Doc. 12-1). Additionally, Plaintiff asserts that she was driving at the speed limit, and that her evasive action was reasonable and appropriate because she was presented with an unexpected emergency situation. In support of their opposition, Defendants note that Bowles' vehicle never came into contact with another vehicle, and cite to the Police Report from the date of the accident in which the officer reported that Pellegrin was traveling ten miles above the speed limit when his vehicle struck Plaintiff's vehicle. (Rec. Doc. 15). Defendants also note that there are conflicting facts as to whether Plaintiff was traveling in the far left lane or the center lane before Bowles' vehicle began to merge. (Rec. Doc. 15). Finally, Defendants maintain that more than one party may be at fault for the damages sustained in a motor vehicle accident.

The Court denies Plaintiff's Motion for Summary Judgment on the issue of liability and comparative fault. Taking the pleadings, depositions, answers to interrogatories, and admissions on file, in the light most favorable to Defendants as the non-moving parties, the issue remains as

to how much fault should be apportioned to Plaintiff and to Pellegrin. Considering the fact that Defendant Bowles' vehicle never came into contact with another vehicle and that Pellegrin was traveling above the speed limit, whether Plaintiff and Pellegrin were at least partially at fault remains unclear. In ordinary tort actions, "the determination and apportionment of fault is a factual issue." *Coleman v. Townsend*, 948 So.2d 369, 372 (La. Ct. App. 2 Cir. 2007). Because there is still a genuine issue of material fact, the apportionment of fault, summary judgment is not appropriate.

    **b. Course and Scope of Employment**

Plaintiff seeks a declaration from the Court that Bowles was acting in the course and scope of his employment when the collision occurred. Defendants, in their Opposition, do not respond to Plaintiff's assertion that Bowles was acting in the course and scope of his employment with Cumberland.

In support of her Motion, Plaintiff cites to Defendants' Responses to Plaintiff's interrogatories in which Defendants state that Bowles was traveling to a sales call at the time of the accident, was operating a vehicle with the permission of Cumberland, and was employed by Cumberland on the date of the accident. (Rec. Doc. 12-6). In the same Response to Plaintiff's interrogatories, Defendants deny that Bowles was in the course and scope of his employment because such would be a legal conclusion. (Rec. Doc. 12-6).

Louisiana law sets two elements before employer liability attaches: 1) an employer-employee relationship must exist and 2) the tortious act of the employee must have been committed "during the course and scope of the employment by the employers sought to be held liable." *Maze v. Grogan*, 694 So.2d 1168, 1170 (La. Ct. App. 1 Cir. 1997). Generally, "an employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm

4

fairly attributable to the employer's business." *Orgeron v. McDonald*, 639 So.2d 224, 227 (La. 1994). Factors for courts to consider "in determining whether an employer is liable for the tortious act of an employee include whether the tortious act: 1) was primarily employment rooted; 2) was reasonably incidental to the employee's duties; 3) occurred on the employer's premises; and 4) occurred during the hours of employment." *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974).

The Court finds that summary judgment on the issue of employer liability is premature at this time. The only facts that the Court has in making its determination on employer liability is that Bowles was traveling to a sales call at the time of the accident, was operating a vehicle with the permission of Cumberland, and was employed by Cumberland on the date of the accident. Plaintiff's burden on her Motion for Summary Judgment is to come forward with evidence that would entitle her to a directed verdict if the evidence went uncontroverted at trial. Even if these facts were uncontroverted at trial, the Court is not convinced that Plaintiff would be entitled to a directed verdict based on those facts alone. Other facts, including whether Bowles was on his employer's property, whether the accident occurred during Bowles' working hours, and whether his actions were employment rooted are undetermined and important to the inquiry of employer liability. Therefore, Plaintiff is not entitled to summary judgment on the issue of employer liability.

### c. Insurance Coverage

Plaintiff seeks a declaration from the Court that Defendant Cincinnati Insurance Company provided insurance coverage for the incident at issue in this lawsuit. Defendants, in their Opposition, do not respond to Plaintiff's assertion that Cincinnati provided insurance coverage for the incident at issue in this lawsuit.

In support of her Motion, Plaintiff has provided the Court with the insurance policy between Cincinnati and Cumberland (Rec. Doc. 12-11), the checks that Cincinnati issued to

Plaintiff (Rec. Doc. 12-8) and to Pellegrin (Rec. Doc. 12-9), and Defendants' response to Plaintiff's interrogatories in which they state that "Bowles was covered for motor vehicle liability under an insurance policy issued by the Cincinnati Insurance Company to Cumberland Products, Inc." (Rec. Doc. 12-6).

The Court finds that Plaintiff has met her burden of proof and is entitled to summary judgment resolving the issue of whether Cincinnati provided automobile liability coverage to Bowles and Cumberland for the collision that is at issue in this lawsuit. By providing the insurance policy, checks issued by Cincinnati, and Defendants' own admission, Plaintiff has met her burden of showing that she would be entitled to a directed verdict if the evidence went uncontroverted at trial. Therefore, Plaintiff is entitled to summary judgment in the form of a finding by the Court that Cincinnati provided automobile liability coverage to Bowles and Cumberland for the collision that is at issue in this lawsuit.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 12)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion is **DENIED** as it relates to the issue of liability and comparative fault, and the issue of employer liability. The Motion is **GRANTED** as it relates to the issue of Cincinnati Insurance Company's provision of automobile liability coverage to Neal Bowles and Cumberland Products, Inc. for the collision that is at issue in this lawsuit.

New Orleans, Louisiana this 5th day of July 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE