UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SANDY CASMIER** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-13621** |
| **THE CINCINNATI INSURANCE COMPANY, ET AL** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion to Compel Independent Medical Examinations (R. Doc. 26)** filed by the Defendants, Cumberland Products, Inc., Neal Bowles, Cincinnati Insurance Company, seeking an order compelling the Plaintiff, Sandy Casmier, to submit to two independent medical examinations. The motion is opposed. R. Doc. 29. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

**I.     Background**

This case was removed from the 24th Judicial District Court for the Parish of Jefferson on August 5, 2016. R. Doc. 1. Plaintiff Sandy Casmier ("Plaintiff") alleges that on or about August 6, 2015 she was driving on US 90B Service Road near its intersection with Manhattan Blouevard in Jefferson Parish when a vehicle owned by Cumberland Products and driven by defendant Bowles failed to yield to the Plainitff's right of way thereby causing the Plaintiff to take evasie action which resulted in a collision with another vehicle. R. Doc. 1-2, p. 1. As a result of that accident, the Plaintiff alleges that she suffered injuries to her person and property. In particular, the Plainitff alleges that she suffered injuries to her head, neck, back, left hand, and left wrist. *Id.* at p. 2. As a result, the Plaintiff filed the instant negligence action against Bowles and Cumberland Products as well as Cincinnati Insurance Company as the vehicle liability insurance provider.

At this time, the Defendants have filed a Motion to Compel Independent Medical Examination (R. Doc. 26) seeking to have the Plaintiff submit to two IMEs to be conducted by Dr.

Everett Robert for the examination of her neck and lower back and by Dr. Eric George for an examination of the Plaintiff's left hand and wrist. The Defendant filed the motion after the Plaintiff refused to submit to the IMEs unless: (i) the Plaintiff would not be required to fill any form aside from Medical History information and those forms must be submitted to her attorney three days prior to the IME; (ii) the Plaintiff had the right to have a friend or family member present; and (iii) the Defendants shall pay for the costs of transportation to and from the IME. *Id.* at p. 1-2. While the Defendants have offered to pay for the cost of transportation, the Defendants take issue with the first two requests.

The Plaintiff has opposed the motion. R. Doc. 29. The Plaintiff argues that neither of her requests are inappropriate given that she is being forced to undergo these examinations. In particular, the Plaintiff argues that she be allowed to have counsel evaluate the forms as well as have a friend or family member attend the examination.

## II. Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting

*Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.,* No. 93–1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola–Cola Bottling v. Torres,* 255 F.2d 149 (5th Cir.1958)).

### III.   Analysis

Here, the Defendant seeks to have the Plaintiff submit to two independent medical examinations performed by Drs. Robert and George. R. Doc. 26. The Plaintiff does not challenge the appropriateness or the good cause for submitting to these evaluations. R. Doc. 29, p. 1. Rather, the Plaintiff argues that she should be allowed to have any documents she will be asked to complete/sign produced to her attorneys three days prior to the examination. She would also like to have a friend or family member attend the examination. *Id.* The Defendants challenge these requests. R. Doc. 26, p. 1-2. Therefore, the Court need only address the propriety of the Plaintiff's requests.

First, as to the production of documents prior to the examination, the Court sees no reason why the Plaintiff's attorneys cannot view a list and description of the documents to be completed sometime prior to the Plaintiff's examination. In *Rogillio v. Cresent Towing & Salvage Co., Inc.*,

No. 14-1801, 2015 WL 1412160 (E.D. La. Mar. 26, 2015), this Court faced a similar request and found that:

> it is not appropriate for Plaintiff's counsel to have a copy of the exact medical history forms prior to the IME. Nonetheless, the Defendants are ordered to provide the Plaintiff with a list of the forms that will be used as well as a description of what Dr. Weitz plans to do at the IME. These forms, however, are for viewing only. The same forms will be given to the Plaintiff upon his arrival at the doctor's office and will be completed at that time, and if necessary, with the assistance of his wife only.

2015 WL 1412160, at *3. There, as here, the Court will strike the proper balance between the Plaintiff's counsel ability to review what documents will be completed while not allowing that counsel to assist in completing any of those forms. As the Court explained in *Rogillo*, "[o]ne of the primary purposes of Rule 35 is to put both the plaintiff and defendant on equal footing with regard to evaluating the plaintiff's [medical] status. Allowing Plaintiff's counsel the opportunity to assist the Plaintiff with the medical history forms would undermine the objectivity of the process." *Id.* (internal quotation and citation omitted); *c.f. Dunlap v.. Hood,* No. 07-2147, 2008 WL 4851316, at *1–2 (N.D.Tex. Nov. 7, 2008) (citing W. Wyatt & R. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 Temple L.Rev. 103, 127 (1998)) (discussing inappropriateness of counsel assisting or consulting with Plaintiff during the examination). Therefore, the Court will require the production of a list of any forms no later than twenty-four hours prior to the examination to Plaintiff's counsel.

Second, as to the Plaintiff's request to have a friend or family member, who is not an attorney or physician, the Court denies this request. Typically, before a court will allow a third-party to attend an independent medical examination, the party making the request must demonstrate the special circumstances that necessitate a third-party's presence. *See Thomas v. Edison Chouest Offshore, LLC*, 2017 WL 467680, at *2 (E.D. La. Feb. 3, 2017) ("in some cases

where an independent medical exam is warranted, it may be appropriate for the court to impose certain conditions or limitations. Where a party seeks to record the examination or requests that counsel be present, courts require the party to demonstrate "special circumstances" establishing good cause for such attendance."); *see also*, *Reaves v. Wayne Automatic Fire Sprinklers, Inc.*, No. 11-49, 2011 WL 4837253 at *4 (M.D. Fla. Oct. 12, 2011); *see also*, *Dunlap*, 2008 WL 4851316, at *1 ("A party has no right to the presence of any third person, including his or her attorney, at a physical or mental examination."). As one court has explained:

> [A]n observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process. [An observer could] potentially distract the examining [physician] and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be a wholly objective inquiry

*Shirsat v. Mutual Pharmaceutical Company, Inc.,* 169 F.R.D. 68, 70-71 (E.D. Pa. 1996); *see also*, *Reaves*, 2011 WL 4837253 at *4; *see also*, *Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 274 (D. Or. 1997).

Here, the Plaintiff has not identified any special circumstance necessitating the need for a third-party to attend the IME other than a generalized anxiety claim from the process of submitting to a medical examination by an unknown doctor selected by the Defendants. R. Doc. 29, p. 8. This is not enough to risk inserting an unnecessary element into the IME of the Plaintiff. As such, the Court denies this request.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Independent Medical Examination (R. Doc. 26)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Sandy Casmier submit to independent medical examinations **on July 18, 2017 at 1:15 p.m. with Dr. Everett Robert, Southern Brain and Spine, 3798 Veterans Memorial Boulevard, Suite 200, Metairie, LA 70002** and on **July 27, 2017 at 1:00 p.m. with Dr. Eric George, Hand Center of Louisiana, 4228 Houma Boulevard, Suite 600B, Metairie, LA 70006.**

**IT IS FURTHER ORDERED** that the Defendants provide Plaintiff's counsel a list of the forms to be completed or sign by the Plaintiff **no later than twenty-four hours prior to the scheduled examination.**

**IT IS FURTHER ORDERED** that Plaintiff Sandy Casmier **may not** have a third-party attend the independent medical examinations.

New Orleans, Louisiana, this 14th day of July 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**